(No. 83-CC-2820–)

ALLIES FOR A BETTER COMMUNITY, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed June 9, 1986.*

THOMAS GRIPPANDO, for Claimant.

NEIL F. HARTIGAN, Attorney General (JAMES A. TYSON, Assistant Attorney General, of counsel), for Respondent.

RAUCCI, J.

Claimant herein, Allies for a Better Community (hereinafter referred to as ABC), filed this action against the Illinois Department of Children and Family Services (hereinafter referred to as DCFS) as a lapsed appropriation claim. ABC and DCFS entered into a contract, whereupon ABC would render services in the nature of family counseling and individual and group therapy provided to persons and families in crisis. Claimant seeks $26,342.00 for services performed during the second, third and fourth quarters of Fiscal Year (FY) 1982.

At issue is whether the contract was terminated by DCFS pursuant to ABC's noncompliance with certain contractual provisions and whether Respondent is obligated to pay for services performed after the effective date of termination.

An evidentiary hearing was held before Robert E. Cronin, commissioner. Both parties have submitted their post-hearing briefs and arguments.

The record reflects that DCFS made payment for the first quarter of the fiscal year involved (FY 82) but

made no further payments. The contract in question was terminated by DCFS effective April 1, 1982. The termination was based on the Claimant's noncompliance with certain provisions of the original contract and its extensions as stated in the letter from DCFS to ABC dated March 31, 1982.

The record further reflects that the contract was terminated for ABC's failure to furnish an audit report for the FY 81 contract for the same program. DCFS has also not received the statistical, fiscal and programmatic information required by the contract. Audit reports for both the FY 81 and FY 82 contracts were eventually sent on June 14, 1982, to DCFS.

Claimant seeks reimbursements for services performed during the second, third and fourth quarters of FY 1982, October 1 through December 31, 1981; January 1 through March 31, 1982; and April 1 through June 30, 1982, respectively. The contractual rate per quarter is $9,698.00.

Testimony by Alonzo Whiteside, certified public accountant, disclosed that he issued an unconditional financial statement on behalf of ABC for FY 1982 and that said report was submitted to DCFS. This appears to comply with ABC's contractual requirements; therefore, reimbursement for the second and third quarters of FY 1982 is appropriate.

However, the Court of Claims is constrained by the Illinois Constitution and the State Finance Act to limit any award in this matter to the amount remaining in the applicable appropriation. (*Schutte & Koerting Co. v. State* (1957), 22 Ill. Ct. Cl. 591; *Ridgeway Hospital v. State* (1982), 36 Ill. Ct. Cl. 716.) Respondent has acknowledged that at the end of the lapse period for FY 1982 there was $5,324.28 remaining in the appropriation.

Claimant has urged, with a voluminous citation of authority, that where appropriations lapse, an award will be made. Claimant ignores that such awards are limited to the amount of funds which lapse.

Based on the foregoing, we find that the contract in question was terminated by DCFS effective April 1, 1982, for ABC's noncompliance with certain terms of the contract. Thus, services performed by ABC subsequent to the termination date, namely, the further question of FY 1982, are not eligible for reimbursement. See *Brokaw Hospital v. State* (1979), 32 Ill. Ct. Cl. 810.

It is therefore ordered that Claimant is awarded five thousand three hundred twenty-four and 28/100 dollars ($5,324.28) in full and complete satisfaction of this claim.